```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


KEITH J. MANN,

                    Plaintiff,

          v.                             CASE NO.  08-3025-SAC

DAVID McKUNE,
et al.,

                    Defendants.
```

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Named as defendants are Warden David McKune, Correct Care Solutions, and Chuck Simmons.

As the factual basis for the complaint, plaintiff alleges that on August 13, 2006, he was riding in a bus from El Dorado to Lansing, when the bus had a blow-out, which resulted in an accident. He alleges his hip "got busted," and his lower back, left shoulder, and left side of his neck were injured. He further alleges that "Nurse cindy" did nothing on August 13, 2007, to help him, and threatened him. Mr. Mann also claims he is not getting proper care, medical treatment has been insufficient, he is still hurt, he is a confined person being mistreated, and defendants are deliberately indifferent and negligent.

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2). 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit, and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-

month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has not provided a certified copy of his prison account statement. He will be given time to obtain this document from prison officials and submit it as a supplement to his Application. If he does not submit this document within the time allotted, this action may be dismissed, without prejudice, and without further notice for failure to submit proper documentation in support of his in forma pauperis application.

**SCREENING**

Because Mr. Mann is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**IMPROPER DEFENDANTS**

"Correct Care Solutions" (CCS) is not a proper defendant in a civil rights complaint under 42 U.S.C. § 1983, because CCS is not a "person" who can be sued under this statute.

Moreover, plaintiff fails to allege any acts on the part of either defendant McKune or defendant Simmons in the alleged denial of medical attention. He may not recover money damages from these two defendants based solely upon their supervisory capacities.

2

Plaintiff will be given time to allege additional facts describing the personal actions of these two defendants in the alleged denial of adequate medical attention to plaintiff after the accident. If he fails to allege personal participation by these two defendants, the claims against them shall be dismissed.

Mr. Mann states in the complaint that he is suing "Nurse cindy" too, but she is not named as a defendant in the caption; and the information required about each defendant is not provided for her (or for Chuck Simmons). Plaintiff is required to file an "Amended Complaint" which includes Nurse Cindy in the caption if he in fact intends to sue her, her full name and the other required information. Plaintiff must also remove Simuell Madden's name from the caption as plaintiff, since it does not appear from any other filings or elsewhere in the complaint that Mr. Madden is a party plaintiff or has standing to sue on these claims.

**FAILURE TO STATE SUFFICIENT FACTS IN SUPPORT OF CLAIM**

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent diagnosis

3

"fail[s] to establish the requisite culpable state of mind." Id., *quoting* Wilson v. Seiter, 501 U.S. 294, 297 (1991).  More specifically, a prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. 511 U.S. at 837.

Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.  Moreover, a simple difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim.  Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(A mere difference of opinion as to proper or reasonable treatment between the inmate and prison medical personnel does not constitute cruel and unusual punishment.).  Likewise, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.  Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment.  Medical

4

>     malpractice does not become a constitutional violation
>     merely because the victim is a prisoner.

Id. at 105-106 (footnote omitted).  The prisoner's right is to medical care-not to the type or scope of medical care which he personally desires. Additionally, in situations where treatment was delayed rather than denied altogether, our Circuit Court of Appeals requires that the inmate suffer "substantial harm" as a result of the delay.  Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

Plaintiff's allegations are completely conclusory and appear to be that he experienced a delay in medical treatment and disagrees with the treatment provided as not effective.  These conclusory claims are simply insufficient to support a constitutional claim of cruel and unusual punishment.  Plaintiff is required to file an Amended Complaint alleging additional facts in support of his claim, rather than mere conclusory statements, and showing more than claims of delay and mere disagreement with the treatment provided.  If he does not amend his complaint as directed herein, it will be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit a certified copy of his inmate account statement for the six months preceding the filing of this complaint in support of his motion for leave to proceed in forma pauperis as required by statute.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must file an "Amended Complaint" upon forms provided by the court in which he names all defendants he intends to sue in this action in the caption, alleges facts showing the personal participation of all named defendants, and states additional facts

5

in support of his claim of denial of medical treatment in accord with the foregoing Order.

The clerk is directed to transmit forms for filing a complaint under 42 U.S.C. § 1983 to plaintiff.

**IT IS SO ORDERED**.

Dated this 6th day of February, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge